In the Matter of J. WHEELER FORSYTH, an Attorney, Admitted as JAMES W. FORSYTH, Respondent. RICHMOND COUNTY BAR ASSOCIATION, Petitioner.

Second Department, October 1, 1973.

*Francis J. Kosman* for petitioner.

*Ginzburg, Gaines, Gaines & De Boissiere* (*Robert J. De Boissiere* of counsel), for respondent.

*Per Curiam.* The respondent was admitted to practice law by this court on March 15, 1950. In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues were referred for hearing and report and the respondent, by affirmation submitted by his counsel, refers to certain mitigating circumstances on the basis of which he requests "leniency" in the matter of the discipline to be imposed.

The petition sets forth three separate charges of professional misconduct, two of which involve certain named clients of the

respondent. The first charge alleges that in connection with an action to recover damages for personal injuries for which he had been retained to represent the injured party, the respondent (a) failed to file a notice of retainer, (b) violated the terms of an order of the Supreme Court which had directed that he deposit the proceeds of the settlement of the action in his special account "pending the determination of the priority of liens upon the said recovery," (c) failed to duly account for the balance of the proceeds collected for his client, and (d) further violated the terms of the order by failing promptly to apply for a determination of the priority of the liens. In this connection, the respondent admitted that from the time he commenced the practice of law in 1950 he at no time maintained a special account for the deposit of moneys collected for clients or of escrow funds.

In the second charge it is alleged that the respondent failed to promptly forward to his clients, one of whom was an infant, the proceeds of a settlement made pursuant to a compromise order entered in a personal injury action and that when the respondent finally attempted to make payment by the issuance of two checks, payment was refused by the drawee-bank because of insufficient funds. It is further alleged that the respondent failed to file a closing statement in connection with the action.

The third charge alleges that a check in the sum of $300, drawn on the respondent's bank account and issued to the order of the complainant on this charge, was dishonored for insufficient funds. The respondent admitted these facts, but claimed that the check was signed and issued by his secretary without his knowledge, authorization or consent. It was stipulated that the respondent subsequently remitted payment in full and that the complainant thereafter withdrew his complaint.

The evidence adduced at the hearing fully supports the findings made by Mr. Justice WEGMAN of the respondent's wrongdoing with respect to the charges against him. Accordingly, the petitioner's motion to confirm the report is granted.

The respondent has admitted the basic facts underlying the charges. However, in mitigation thereof, he claims, in effect, that he did not willfully or with dishonest intent commit the acts of misconduct charged and that ultimately he made full restitution to the parties damaged by his improper conduct.

Although the respondent's established misconduct is most serious, in the light of his prior record of good conduct, his contrition, candor and co-operation with the petitioner, and the fact that he made full restitution to his clients, we deem a one-

year suspension to be the appropriate discipline. The respondent is hereby suspended from the practice of law for a period of one year, commencing November 1, 1973, and until the further order of this court.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.